## J. C. DUNHAM AND W. H. RYAN v. SARAH M. SMITH.

(Filed June 7, 1905)

**REAL PROPERTY—Agency—Fraud and Mistake.** In an action brought against real estate agents by a party who claims that they have sold certain lots by number, and have pointed out for inspection, other and different lots which were of greater value, to the damage of the purchaser, and that such action was false and fraudulent, and where the proof shows that by the exercise of reasonable care and circumspection, the agent, before pointing out the particular lots to the purchaser, might have ascertained the correct numbers, and did not do so, and that the purchaser relied upon the statements of the agent that the lots pointed out were the true lots sold, and where the evidence shows such statements to be untrue, it will not be a defense to show that the real estate agent acted through an honest mistake. Lack of fraudulent intent will not defeat an action of damages for false representation where the damage has already accrued.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

Dunham *et al.* v. Smith.

*Shartell, Keaton & Wells,* for plaintiffs in error.

*Wm. P. Harper,* for defendant in error.

STATEMENT OF FACTS.

Sarah M. Smith, defendant in error, sued in the court below to recover damages from the plaintiffs in error, Dunham & Ryan, for having falsely and fraudulently shown her certain lots in block 28, in Maywood addition, in Oklahoma City, as being lots which they had for sale as real estate agents, and belonging to J. M. Healy, and having fraudulently induced her to accept a deed to the corresponding lots in block 24, in the same addition, she believing that the deed described the lots which had been shown her. The answer of the defendants, while admitting the plantiff's representations, and admitting that the wrong lots were shown her, and that the deed covered other and different lots from those shown her, claim that they acted in good faith in showing the plaintiff the lots in block 28, and that they believed at that time that such lots were the ones belonging to Haley, and listed with them for sale, denying any fraudulent intent. To this a reply of general denial was filed. On this state of pleadings, the court rendered a judgment in favor of the plaintiff for $100.00, the difference between the market value of the lots deeded at the time of the sale, and the price paid for them by plaintiff. Motion for new trial was filed and overruled, and exceptions, and the case brought here for review.

Opinion of the court by

IRWIN, J.: The only proposition argued for a reversal of this case by plaintiffs in error is, that a person cannot sue for damages by fraud, and recover by proving a mistake.

We do not think this statement is literally true. As to whether a mistake constitutes a fraud or not, depends entirely on the surrounding circumstances. If the mistake is one which the party making it, from his knowledge of the facts, or from his position and opportunity of ascertaining the facts, could readily have discovered before making it, and he acted without due regard for the rights of the other party, and without proper caution to ascertain the truth of the statements made by him, and the other party relied upon these statements and was thereby damaged, we do not think that the law would excuse such a false representation on the ground that it was a mistake. Now the evidence discloses in this case that the plaintiffs in error were in the real estate business, and were presumed to know and understand the character of the business they were engaged in. They advertised certain lots for sale. The plaintiff had a right to presume that they knew the exact location of the lots they were selling. The plaintiff not being in the same business, the same presumption would not apply to her as to her knowledge on the subject. She went to the real estate agents to buy these lots. They took her to the location and pointed out to her the particular lots, showing her the surroundings. It is admitted in evidence that she relied upon their statements as to the location and surroundings of the lots, and upon their statements purchased these lots. It is also admitted in the record, that their statements were not true. The evidence further shows that hanging on the walls of their office was a map showing the correct numbers of the lots they were selling, and showing their exact location, and if the defendants, plaintiffs in error, had taken the precaution to examine that map, this mistake would not have oc-

curred.   We think that all of the authorities cited in support of the contention of plaintiffs in error are upon the theory that the honest mistake was one which ordinary care, precaution, or foresight would not have guarded against on the part of the party making it.   But this element is entirely lacking in the case at bar.   For this reason, we do not think that the authorities cited are in point.

We can see nothing from an examination of the record in the decision of the district court but what is in perfect harmony with honesty, justice, and fair dealing.   We think that to reverse this case and defeat the claim of the plaintiff, would be offering a premium on carelessness and ignorance which would be unwarranted and unauthorized.   The judgment of the court is affirmed, at the costs of the plaintiffs in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.